LA SCALA *et al.* v. BOUGHTON.

*(District Court, E. D. New York. November 28, 1888.)*

SHIPPING—CHARTER-PARTY—CONSIGNMENT OF VESSEL—LIABILITY OF MASTER.
 A memorandum indorsed on a charter-party, and signed by the master at a port in the course of the voyage, whereby he agrees to consign the vessel, on arrival at the destination, to a certain firm, if a contract at all, is one between the master and the charterers, and the firm, not being privy to it, can maintain no action against the master for loss of commissions occasioned by his refusal to make the consignment.

In Admiralty.

Libel by Diego La Scala, Filippo Modica, and Pietro Tassi, against D. Boughton, master of the steamer Straithairly, he being impleaded with others, for damages for refusal to consign the vessel to libelants.

*Charles Stewart Davison*, for libelants.

*E. B. Convers*, for respondent.

BENEDICT, J. The charter-party in evidence in this case, made at London between Pietro Tassi and the owners of the steamer Straithairly, contained no provision for the address of the steamer at New York. When the steamer arrived at Leghorn, from London, the following indorsement was made upon the charter-party: "The steamer will be ad-

dressed to Messrs. La Scala & Modica, in New York, whose orders I will follow in New York as to wharfage, discharge," etc. This was signed, "D. Boughton, Master." In one branch of this case against the charterers, based upon this memorandum, it was held [*The Serapis*, 36 Fed. Rep. 707] that the memorandum created no liability on the part of the ship-owner to consign his vessel to Messrs. La Scala and Modica, because when the owners, as the charter-party shows, had expressly declined to make a contract for the consignment of the vessel in New York, it was beyond the master's authority to do so at the port of Leghorn, when the steamer was there in the course of prosecuting the voyage. The branch of the case now under consideration is against the master alone. Here, the libelants La Scala and Modica seek to hold the master personally liable, by reason of the memorandum referred to, for the damages sustained by them by reason of his refusal to consign the vessel to them upon her arrival in New York. The question now to be considered, therefore, is whether the memorandum referred to, signed by the master in Leghorn, gives La Scala and Modica a legal and equitable claim against the master personally for the loss of such commissions as they might have earned in case the vessel had been consigned to them in New York. Upon this question my opinion is that the memorandum in question does not give the libelants any legal or equitable claim against the master personally. The memorandum indorsed upon the charter, if it be a contract at all, was a contract between the ship-master and the charterers of the ship. The libelants were in no way parties thereto. Between the libelants and the master there was, therefore, no privity of contract; neither was there any obligation or duty on the part of the charterers to consign their ship to the libelants in New York, which can be taken to be a substitute for that privity necessary to create a cause of action. The libelants are in law mere strangers. They cannot intervene or claim by action the benefit of a contract made between the charterers and the master under the circumstances stated. The libel as against the master must also be dismissed.